The opinion of the court Avas delivered by
Breaux, J.
An information was filed against the defendant, charging him in one count with cutting, pulling down, and destroying, or causing to be cut, pulled down and destroyed, cypress trees, wood and timber, growing and lying on the land of one G. L. Leonhard, Avithout the consent of the oAvner or legal possessor.
In the second count it is charged that (after and at the time of the cutting, pulling down and destroying the said timber) he did steal, take and carry away cypress trees, Avood and timber, the property of the said G.'L. Leonard, of the value of $4000.
He was found guilty of both charges.
A motion for a new trial was filed and denied.
A motion in arrest of judgment Avas afterward filed.
*822 The first count was declared legal and in form.
The motion in so far as relates to the second count was granted.
The accused, under the first count, was sentenced to pay a fine of |500 and the costs of the prosecution, and to stand committed until the fine and costs are paid.
He appeals from this sentence.
The State appeals from the judgment, declaring the second count illegal and null.
In support of his assignment of errors and of his motion in arrest of judgment, the defendant urges that the information charges the commission of two offences repugnant to each other and which can not be presented in two counts of an information: that they are dependent on each other and grow out of the same acts.
That the taking or carrying away such a tree, or wood, or timber, under Sec. 817, R. S., is no longer a larceny in Louisiana, but a separate statutory offence, not a felony, but a simple misdemeanor.
It is.also contended that the name of the owner of the land from which the trees were taken is not given.
Also, that the land upon which the trespass was committed is not described, nor the value of the trees given.
Lastly, it is urged on the part of the accused that the court was requested to instruct the jury that to subject a party to the penalty prescribed for cutting timber and committing the wrong charged, it must appear that the act was done knowingly, and not through mistake or accident.
A bill of exception was reserved to the court’s ruling in thus refusing to charge.
We will dispose of those grounds in the order presented.
With reference to the first ground, that is, that the taking or carrying away a tree, wood or timber, under Section 817, R. S., is no longer a larceny but a separate statutory offence.
We conclude that if the premises of defendants’ counsel be admitted as correct, his conclusions also will prove equally as correct.
But he chooses to consider acts as continuous and uninterrupted-when they are not necessarily continuous and uninterrupted.
It is undeniable that whatever is attached to the soil is not, when so attached, the subject of larceny. But when not so attached,'it may become the subject of larceny.
*823 To have the character of personality it must be detached. It must be removed from its original seat, and must be left in the detached state.
If removed either by the accused or by another, and it be left in this detached condition, it then may become the subject of larceny. Wharton Grim. Law, p. 868.
The word “ after” is alleged in the second count of the information. The words “at the time,” also alleged, do not preclude the possibility of concluding that larceny was committed “after” as alleged.
Section 817, R. S., applies when the property is not left in a detached condition prior to the larceny.
The law in relation to larceny applies when the property stolen had been left in a detached state after the cutting down. The counts are not repugnant to each other, and may be joined in an information.
“ An information is not bad because it contains two counts- charging the accused with severing certain property from the soil of another person, and in the other with stealing said property. The two offences may be charged in the same information.” State vs. Sheppard, 33 An. 1216.
The defendant next contends that the name of the owner of the land is not given.
G. L. Leonard, the name of the alleged owner, is sufficiently given. Whether Mr., Mrs., or Miss, the accused is placed on his defence. “ The name of the owner designated by initials does not vitiate the information.” State vs. Vanderlip, 4 An. 444.
With reference to the want of description of the land from which the trees were taken of which the accused persistently complains.
The description need not be given with the particularity required in a civil suit.
The statute does not require that the township or section be given.
The accused is charged with having committed the offence in the parish of St. John the Baptist, “in and for said parish then and there being.”
The requirement of the statute, in this respect, is complied with. State vs. Robenker, 31 An. 652.
In the order of the grounds presented by the accused we note that it is contended the value of the trees is not alleged.
*824 It is alleged in the second count of the information.
The defendant urges upon our attention the refusal to charge as requested with reference to error or inadvertence (should the act charged he owing to error or inadvertence).
The refusal is not explained nor is there any reason given.
The defendant has a right to a full statement, and the possibility that by the refusal to charge as requested, the jury fell into error is sufficient reason for reversal of the judgment and sentence of the court.
Lastly, it is contended that the sentence of the court is indefinite as to the time the accused should remain incarcerated if he does not pay tlie fine and the costs.
The sentence reads: “ He is hereby condemned to paya fine of five hundred dollars and the costs of this prosecution, and that he .stand committed until said fine and cost be paid.”
The sentence should have limited the time the prisoner was to remain imprisoned.
It is, therefore, ordered, adjudged and decreed that the verdict, judgment and' sentence be annulled and set aside, and that this case he remanded to the lower court for further proceedings in accordance with the views herein expressed.